UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James Tyler, | ) |
| Plaintiff, | ) ) ) Case: 1:15-cv-01675 Jury Demand |
| v. | ) Assigned To : Unassigned ) Assign. Date : 10/14/2015 ) Description: Pro Se Gen. Civil (F Deck) |
| District of Columbia Government *et al.*, | ) |
| Defendants. | ) ) ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident. He claims that the D.C. Consumer Regulatory Commission falsely accused him of housing code violations and that "for years" the District has "harass[ed], intimidated, threaten[ed], and taunt[ed]" him about his yard. Compl. at 1. Plaintiff seeks $950 million in damages. *Id.* at 2.

The complaint's allegations do not present a federal question, and the District of Columbia "like the fifty states, is not subject to diversity jurisdiction." *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987). Hence this case will be dismissed.

DATE: October 6, 2015

_____
United States District Judge